# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN D. COLEMAN, Individually, and as** | ) | |
| **Administrator of the ESTATE OF ERVIN** | ) | |
| **COLEMAN, deceased and Surviving** | ) | |
| **Brother of HORACE COLEMAN,** | ) | |
| **deceased** | ) | |
| **10217 Broadmeadow Drive** | ) | |
| **Indianapolis, Indiana 46239** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **GARY COLEMAN, Surviving Brother** | ) | |
| **of ERVIN COLEMAN, deceased and** | ) | |
| **HORACE COLEMAN, deceased** | ) | |
| **1410 Amaryllis Way** | ) | |
| **Riverdale, Indiana 30296** | ) | |
| | ) | |
| **and** | ) | **Case No.** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **JAYDEN COLEMAN, By and Through his** | ) | |
| **Next Friend and Natural Mother, TILACKIA** | ) | |
| **JACKSON, Surviving Grandson of HORACE** | ) | |
| **COLEMAN, deceased** | ) | |
| **123 E. 7th Street** | ) | |
| **Lexington, Kentucky 40508** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **ADRIONA COLEMAN, Surviving** | ) | |
| **Granddaughter of HORACE COLEMAN,** | ) | |
| **deceased** | ) | |
| **9825 Conway Drive** | ) | |
| **Indianapolis, Indiana 46235** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **RIPLEY ENTERTAINMENT, INC.** | ) | |
| **d/b/a RIDE THE DUCKS** | ) | |
| **7576 Kingspointe Parkway, Suite 188** | ) | |
| **Orlando, Florida 32819** | ) | |

and                                              )
                                                 )
**RIDE THE DUCKS INTERNATIONAL LLC**              )
**d/b/a RIDE THE DUCKS**                           )
**Registered Agent, Capitol Corporate**            )
**Services, Inc.**                                 )
**222 E. Dunklin Street, Suite 102**               )
**Jefferson City, Missouri 65101**                 )
                                                 )
and                                              )
                                                 )
**RIDE THE DUCKS OF BRANSON, LLC**                 )
**d/b/a RIDE THE DUCKS**                           )
**2320 W. Highway 76**                             )
**Branson, Missouri 65616**                        )
                                                 )
and                                              )
                                                 )
**HERSCHEND FAMILY ENTERTAINMENT**                 )
**CORPORATION d/b/a RIDE THE DUCKS**               )
**2800 W. 76 Country Boulevard**                   )
**Branson, Missouri 65616**                        )
                                                 )
and                                              )
                                                 )
**AMPHIBIOUS VEHICLE**                             )
**MANUFACTURING, LLC**                             )
**2320 W. Highway 76**                             )
**Branson, Missouri 65616**                        )
                                                 )
            **Defendants.**                        )

## COMPLAINT

**COME NOW,** the above-named Plaintiffs, by and through their attorneys of record, complaining of the named Defendants as follows:

## I.

## PARTIES

1.      Plaintiff John D. Coleman, at all times of the negligent acts complained of herein and all times mentioned is an individual and resident of Indianapolis, Indiana, the

brother of Irvin Coleman and Horace Coleman, and the Administrator of the Estate of Ervin Coleman, Deceased. John D. Coleman is therefore the proper party to bring this lawsuit on behalf of the Deceased, Ervin Coleman, and is the proper party under the Missouri Wrongful Death Statute, RSMO §537.080, to bring this action against the named Defendants for the deaths of Ervin Coleman and Horace Coleman.

2.     Plaintiff Gary Coleman is an individual and resident of Riverdale, Indiana, is the brother of Ervin Coleman and Horace Coleman and is the proper party under the Missouri Wrongful Death Statute, RSMo § 537.080, to bring an action against the named Defendants for the deaths of Ervin Coleman and Horace Coleman.

3.     Plaintiff Jayden Coleman is a resident of Lexington, Kentucky, the surviving grandson of Horace Coleman, Deceased and is the proper party under the Missouri Wrongful Death Statute, RSMo § 537.080, to bring an action against the named Defendants for the death of Horace Coleman. Tilackia Jackson is Next Friend and natural mother of Jayden Coleman in order to allow her grandson to pursue his Wrongful Death claim under the Missouri Wrongful Death Statute, RSMo § 537.080.

4.     Plaintiff Adriona Coleman is an individual and resident of Indianapolis, Indiana, the surviving granddaughter of Horace Coleman, Deceased, and the proper party under the Missouri Wrongful Death Statute, RSMo § 537.080, to bring an action against the named defendants for the death of Horace Coleman.

5.     Defendant Ripley Entertainment, Inc. d/b/a Ride the Ducks, is a Florida corporation with registered corporate headquarters at 7576 Kingspointe Parkway, Suite 188, in Orlando, Florida. At all times relevant herein, this Defendant engaged in substantial, continuous, regular and systematic business in the State of Missouri.

6.      At all relevant times herein, Defendant Ripley Entertainment, LLC d/b/a Ride the Ducks acted by and through its respective agents, servants, workmen, and employees acting within the scope of their authority and employment.

7.      Defendant Ride the Ducks International, LLC d/b/a Ride the Ducks is a Missouri corporation with a registered agent for service at Capitol Corporate Services, Inc., 222 E. Dunklin Street, Suite 102, Jefferson City, Missouri 65101. At all times relevant herein, this Defendant engaged in substantial, continuous, regular and systematic business in the State of Missouri.

8.      At all relevant times herein, Defendant Ride the Ducks International LLC d/b/a Ride the Ducks acted by and through its respective agents, servants, workmen, and employees acting within the scope of their authority and employment.

9.      Defendant Ride the Ducks of Branson, LLC d/b/a Ride the Ducks is a Missouri corporation with a registered agent for service at 2320 W. Highway 76, Branson, Missouri 65616.  At all times relevant herein, this Defendant engaged in substantial, continuous, regular and systematic business in the State of Missouri.

10.     At all relevant times herein, Defendant Ride the Ducks of Branson, LLC d/b/a Ride the Ducks acted by and through its respective agents, servants, workmen, and employees acting within the scope of their authority and employment.

11.     Defendant Herschend Family Entertainment Corporation d/b/a Ride the Ducks is a Missouri corporation with its principal place of business at 2800 W. 76 Country Boulevard, Branson, Missouri 65616.  At all times relevant herein, this Defendant engaged in substantial, continuous, regular and systematic business in the State of Missouri.

12.     At all relevant times herein, Defendant Herschend Family Entertainment Corporation d/b/a Ride the Ducks acted by and through its respective agents, servants,

workmen, and employees acting within the scope of their authority and employment.

13. Defendant Amphibious Vehicle Manufacturing, LLC is a Missouri corporation with a registered agent for service at 2320 W. Highway 76, Branson, Missouri 65616. At all times relevant herein, this Defendant engaged in substantial, continuous, regular and systematic business in the State of Missouri.

14. At all relevant times herein, Defendant Amphibious Vehicle Manufacturing, LLC acted by and through its respective agents, servants, workmen, and employees acting within the scope of their authority and employment.

## II.
## JURISDICTION AND VENUE

15. The Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1332(a): the matter in controversy exceeds the jurisdictional threshold, exclusive of costs; it is between citizens of different states; and each of the Defendants has sufficient minimum contacts with the State of Missouri such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

16. Venue in the United States District Court for the Western District of Missouri is proper pursuant to 28 USC § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiffs' claims and causes of action occurred in this jurisdictional district, and because Defendants were subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

## III.
## FACTS

17. On July 19, 2018, Ervin Coleman and Horace Coleman, along with fifteen (15) other people, died tragically and unnecessarily when the Ride the Ducks "Stretch Duck 07" Duck Boat sank to the bottom of Table Rock Lake in Branson, Missouri.

18.     As Stretch Duck 07 sank to the depths, the canopy of the Duck Boat entrapped passengers and dragged them to the bottom of the lake to die with the Duck Boat.

19.     On that day, Defendant, Ripley Entertainment, Inc. ("Defendant Ripley"), put profit before people, operating Stretch Duck 07 for purely financial reasons. Despite being aware of impending severe weather conditions, Defendant Ripley intentionally decided to take the Duck Boat out onto Table Rock Lake instead of canceling the tour and refunding the patrons' money. As a result, it put its passengers lives at risk.

20.     Stretch Duck 07 was designed and manufactured by Defendants, Ride the Ducks International, LLC, Ride the Ducks of Branson, LLC, Herschend Family Entertainment Corporation and/or Amphibious Vehicle Manufacturing, LLC (collectively referred to as "RTD").

21.     This tragedy comes in the wake of years of specific and repeated warnings that Defendants' Duck Boats were death traps for passengers and therefore posed grave dangers to the public on water and on land.

22.     Prior to July 19, 2018, Defendants had been told repeatedly that design flaws in the Duck Boats made them more susceptible to sinking.

23.     On numerous occasions before July 19, 2018, Defendants were warned that the canopies used on their Duck Boats were dangerous and could cause passenger fatalities in the event of emergency.

24.     In 2017, the Coast Guard issued a certificate of inspection prohibiting the Duck Boats from being on water if winds exceeded 35 mph or wave height exceeded 2 feet.

25.     On July 19, 2018, Defendants blatantly ignored the Coast Guard's certificate of inspection, and took passengers into the water when the wind speed far exceeded the allowable limits. The wind speed at the time of the accident was more than 70 mph, and the Duck Boat sank immediately, killing seventeen (17) people.

26.     Despite warnings that their Duck Boats were not safe, on July 19, 2018, Defendants ignored the severe weather conditions, refused to cancel all trips scheduled for their Duck Boats, chose to value profits over the safety of their passengers, and sent Stretch Duck 07 and thirty-one (31) people out on Table Rock Lake, where the vessel took on water and sank to the bottom of the lake, dragging seventeen (17) people to their avoidable deaths and causing life-altering injuries to the fourteen (14) passengers that survived.

27.     As a result, Plaintiffs claim damages for all general, special, incidental and consequential damages incurred, or to be incurred by Plaintiffs including, wrongful death benefits, damages for the *horrific* and *agonizing* pain and suffering endured by Ervin Coleman and Horace Coleman prior to their deaths, and damages for the loss of services, companionship, comfort, instruction, guidance, counsel, training and support of Ervin Coleman and Horace Coleman.

28.     Plaintiffs also claim aggravating circumstances damages against Defendants to punish Defendants and to deter others from similar conduct.

29.     Defendants are jointly and severally liable for the catastrophic injuries sustained by Plaintiffs as a result of the deaths of Ervin Coleman and Horace Coleman.

## COUNT I - NEGLIGENCE

## RIPLEY ENTERTAINMENT,INC., d/b/a RIDE THE DUCKS

30.     Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

31.     Defendant Ripley Entertainment Inc. d/b/a Ride The Ducks ("Defendant Ripley") owed Plaintiffs a duty to act reasonably before conducting Duck Boat tours and to obey all waterway and boating rules and standards while operating Duck Boats on Table Rock Lake.

32.     Defendant Ripley breached that duty and proximately caused the injuries to Plaintiffs.

33.     Defendant Ripley, by and through its respective agents, servants, workmen and employees, was negligent, careless, grossly negligent and reckless both generally and in the following particular respects, all of which were within Defendant Ripley's privity and/or knowledge:

    a.    Failing to abide by the Coast Guard's certificate of inspection that prohibited the Duck Boat from being on water if winds exceeded 35 mph or wave heights exceeded 2 feet;

    b.    Failing to implement policies, procedures and crew training to ensure passenger safety when Duck Boats were operating on Table Rock Lake;

    c.    Failing to develop and implement sufficient safety procedures for emergency situations, including but not limited to, abandoning ship;

    d.    Failing to train its personnel how to properly operate Duck Boats in the event of adverse weather;

    e.    Operating the Duck Boat in a careless and negligent manner;

    f.    Failing to exercise reasonable care under all of the circumstances;

    g.    Operating a vessel whose engine and/or exhaust system were in a known poor state of repair;

    h.    Failing to have properly operating safety equipment on board;

    i.    Failing to distribute life jackets in a timely manner;

    j.    Failing to ensure that all passengers put on their life jackets and that the jackets were properly secured;

    k.    Failing to ensure that the captain and the crew were properly trained to operate the Duck Boat;

    l.    Failing to properly train the crew in the proper and safe operation of the Duck Boat;

    m.   Failing to maintain the Duck Boat in a reasonable manner;

    n.    Failing to recognize a risk to passenger safety in operating the Duck Boat during a severe thunderstorm warning;

    o.    Failing to implement and/or follow standard operating procedures;

    p.    Failing to properly qualify the crew;

    q.    Failing to provide the fleet and/or crew with effective safety policies and

procedures;

r.    Failing to properly oversee the fleet and/or crew;

s.    Failing to correct conditions of unseaworthiness within Defendant Ripley's privity or knowledge;

t.    Failing to have a competent crew piloting the vessel;

u.    Failing to have a policy prohibiting operation of Duck Boats during a severe thunderstorm warning;

v.    Failing to train their personnel not to operate Duck Boats during a severe thunderstorm warning;

w.    Failing to have a seaworthy vessel that would remain afloat while flooded;

x.    Failing to incorporate the safety recommendations of the NTSB;

y.    Failing to properly monitor the weather; and

z.     Failing to have proper severe weather policies.

34.    By reason of the carelessness, negligence, gross negligence and recklessness of Defendant Ripley, Plaintiffs were caused to sustain the serious, permanent, disabling, and fatal personal injuries as set forth more fully above.

35.    By conducting itself as described above, Defendant Ripley evidenced a reckless and/or conscious disregard for the rights and safety of others, including Plaintiffs.

36.    By conducting itself as described above, the acts and/or omissions of the Defendant, Ripley Entertainment, Inc., d/b/a Ride the Ducks, were a substantial factor, a factual cause and/or increased the risk of harm of Plaintiffs' catastrophic and fatal injuries.

**WHEREFORE**, Plaintiffs demand judgment against Defendant, Ripley Entertainment, Inc., d/b/a Ride the Ducks, for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

## COUNT II - STRICT PRODUCT LIABILITY

**RIDE THE DUCKS INTERNATIONAL LLC, d/b/a RIDE THE DUCKS,
RIDE THE DUCKS OF BRANSON, LLC, d/b/a RIDE THE DUCKS,
HERSCHEND FAMILY ENTERTAINMENT CORPORATION, d/b/a
RIDE THE DUCKS, and AMPHIBIOUS VEHICLE MANUFACTURING, LLC**

37.    Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint

as if fully set forth herein.

38.    The Defendants RTD, by and through their agents, servants,  workers,  contractors,

designers, assemblers, manufacturers, sellers, suppliers and distributors are strictly liable under

Missouri Revised Statute § 537.760.1 as follows:

> a.    Defendants are engaged in the business of designing, manufacturing, assembling, distributing, selling and/or supplying Duck Boats;
>
> b.    The Duck Boat involved in Plaintiffs' accident was placed in the general stream of commerce by Defendants;
>
> c.    The Duck Boat involved in Plaintiffs' accident was put to use in a manner reasonably anticipated by Defendants; and
>
> d.    The Duck Boat involved in Plaintiffs' accident was designed, manufactured, assembled, distributed and/or sold in a defective condition for the reasons set forth below.

39.    Defendants RTD, by and through their agents, servants,  workers,  contractors,

designers, assemblers, manufacturers, sellers, suppliers and distributors are strictly liable under

Missouri Revised Statute § 537.760.1 by:

> a.    Designing, assembling, manufacturing, selling, supplying and distributing  a product in a defective condition;
>
> b.    Designing, assembling, manufacturing, selling, supplying and distributing  a product that was unreasonably dangerous for its intended use;
>
> c.    Designing, assembling, manufacturing, selling, supplying and distributing  a product that was not safe for all of its intended and represented purposes;
>
> d.    Failing to have adequate warnings and instructions on and/or with the Duck Boat;

e.   Failing to provide adequate warnings and instructions to the ultimate users of the product;

f.   Designing, assembling, manufacturing, selling, supplying and distributing a product which lacked all the necessary safety features;

g.   Designing, assembling, manufacturing, selling, supplying and distributing a product that lacked appropriate safety devices;

h.   Designing, manufacturing, assembling, selling, and/or supplying Duck Boats without incorporating therein the state of the art of the industry and the state of the art in the science and engineering;

i.   Designing, assembling, manufacturing, selling, supplying and distributing Duck Boats that lacked acceptable buoyancy;

j.   Designing, assembling, manufacturing, selling, supplying and distributing Duck Boats without following safety recommendations of the NTSB;

k.   Designing, assembling, manufacturing, selling, supplying and distributing Duck Boats in such a manner that passengers become entrapped within the canopy of the boat in the event of swamping or capsizing;

l.   Designing, assembling, manufacturing, selling, supplying and distributing Duck Boats with the exhaust system improperly placed leaving the boats exposed to risk of sinking in rough water conditions; and

m.   Designing, assembling, manufacturing, selling, supplying and distributing Duck Boats that were insufficient and/or unsafe for their intended use.

40.   By conducting themselves as stated, the actions and/or inactions of Defendants RTD were substantial factors, a factual cause and/or increased the risk of harm to the Plaintiffs.

41.   The Duck Boats were not equipped at the time they left the possession and control of the Defendants RTD with every element necessary to make them safe for their intended use, reasonably foreseeable uses, and reasonably foreseeable misuses.

42.   By reason of the breach of duties pursuant to Missouri Revised Statute § 537.760.1 of the Defendants RTD, by and through their agents, servants, workmen, contractors, suppliers, distributors and/or employees, Plaintiffs were caused to sustain the serious, permanent, disabling, and fatal personal injuries as set forth more fully above.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, Ride the Ducks International LLC, d/b/a Ride the Ducks, Ride the Ducks of Branson, LLC, d/b/a Ride the Ducks, Herschend Family Entertainment Corporation, d/b/a Ride the Ducks, and Amphibious Vehicle Manufacturing, LLC, (collectively "RTD") jointly and severally, for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

## COUNT III - NEGLIGENCE

### RIDE THE DUCKS INTERNATIONAL LLC, d/b/a RIDE THE DUCKS, RIDE THE DUCKS OF BRANSON, LLC, d/b/a RIDE THE DUCKS, HERSCHEND FAMILY ENTERTAINMENT CORPORATION, d/b/a RIDE THE DUCKS, and AMPHIBIOUS VEHICLE MANUFACTURING, LLC

43. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

44. At all relevant times herein and material hereto, Defendants RTD manufactured, designed, distributed, sold, installed, supplied, and/or assembled Stretch Duck 07.

45. Defendants RTD, by and through their agents, servants, workers and employees, were jointly and severally careless, negligent, grossly negligent and/or reckless as follows, all of which was within RTD'S privity and knowledge:

    a.    Designing, assembling, manufacturing, selling, supplying and distributing a product in a defective condition;

    b.    Designing, assembling, manufacturing, selling, supplying and distributing a product that was unreasonably dangerous for its intended use;

    c.    Designing, assembling, manufacturing, selling, supplying and distributing a product that was not safe for all of its intended and represented purposes;

    d.    Failing to have adequate warnings and instructions on and/or with the Duck Boat;

    e.    Failing to provide adequate warnings and instructions to the ultimate users of the product;

f.     Designing, assembling, manufacturing, selling, supplying and distributing a product which lacked all the necessary safety features;

g.     Failing to either know of prior accidents and injuries with the product and/or failing to correct and prevent the same accidents and injuries from reoccurring;

h.     Designing, assembling, manufacturing, selling, supplying and distributing a product that lacked appropriate safety devices;

i.     Designing, manufacturing, assembling, selling, and/or supplying Duck Boats without incorporating therein the state of the art of the industry and the state of the art in the science and engineering;

j.     Designing, assembling, manufacturing, selling, supplying and distributing Duck Boats that lacked acceptable buoyancy;

k.     Designing, assembling, manufacturing, selling, supplying and distributing Duck Boats without following safety recommendations of the National Transportation Safety Board;

l.     Designing, assembling, manufacturing, selling, supplying and distributing Duck Boats in such a manner that passengers become entrapped within the canopy of the boat in the event of swamping or capsizing;

m.     Designing, assembling, manufacturing, selling, supplying and distributing Duck Boats with the exhaust system improperly placed leaving the boats exposed to risk of sinking in rough water conditions; and

n.     Designing, assembling, manufacturing, selling, supplying and distributing Duck Boats that were insufficient and/or unsafe for their intended use.

46.     Additionally, Defendants RTD operated the Branson Duck Boat operations for decades.

47.     In that capacity, Defendants RTD set policies and procedures for how Duck Boat operations would be conducted in Branson, which were later adopted by Defendant Ripley.

48.     Defendants RTD hired and trained numerous personnel that were involved in the acts and omissions that led to the July 19, 2018 incident.

49.     Defendants RTD, by and through their respective agents, servants, workmen and employees, were negligent, careless, grossly negligent and reckless both generally and in the

50.     following particular respects, all of which were within RTD's privity and/or knowledge:

a.     Failing to abide by the Coast Guard's certificate of inspection that prohibited the Duck Boat from being on water if winds exceeded 35 mph or wave heights exceeded 2 feet.

b.     Failing to implement policies, procedures and crew training to ensure passenger safety when Duck Boats were operating in Table Rock Lake;

c.     Failing to develop and implement sufficient safety procedures for emergency situations, including but not limited to, abandoning ship;

d.     Failing to train their personnel how to properly operate Duck Boats in the event of adverse weather;

e.     Operating the Duck Boat in a careless and negligent manner;

f.     Failing to exercise reasonable care under all of the circumstances;

g.     Operating a vessel whose engine and/or exhaust system were in a known poor state of repair;

h.     Failing to have properly operating safety equipment on board;

i.     Failing to distribute life jackets in a timely manner;

j.     Failing to ensure that all passengers put on their life jackets and that the jackets were properly secured;

k.     Failing to ensure that the captain and the crew were properly trained to operate the Duck Boat;

l.     Failing to properly train the crew in the proper and safe operation of the Duck Boat;

m.     Failing to maintain the Duck Boat in a reasonable manner;

n.     Failing to recognize a risk to passenger safety in operating the Duck Boat during a severe thunderstorm warning;

o.     Failing to implement and/or follow standard operating procedures;

p.     Failing to properly qualify the crew;

q.     Failing to provide the fleet and/or crew with effective safety policies and procedures;

r.     Failing to properly oversee the fleet and/or crew;

s.   Failing to correct conditions of unseaworthiness within their privity or knowledge;

t.   Failing to have a competent crew piloting the vessel;

u.   Failing to have a policy prohibiting operation of Duck Boats during a severe thunderstorm warning;

v.   Failing to train their personnel not to operate Duck Boats during a severe thunderstorm warning;

w.   Failing to have a seaworthy vessel that would remain afloat while flooded;

x.   Failing to incorporate the safety recommendations of the NTSB;

y.   Failing to properly monitor the weather; and

z.   Failing to have proper severe weather policies.

51.   By reason of the foregoing carelessness, negligence, gross negligence and recklessness of the Defendants RTD, Plaintiffs were caused to sustain the serious, permanent, disabling, and fatal personal injuries as set forth more fully above.

52.   By conducting themselves as set forth above, the acts and/or omissions of Defendants RTD, were a substantial factor, a factual cause and/or increased the risk of harm of Plaintiffs' catastrophic and fatal injuries.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, Ride the Ducks International LLC, d/b/a Ride the Ducks, Ride the Ducks of Branson, LLC, d/b/a Ride the Ducks, Herschend Family Entertainment Corporation, d/b/a Ride the Ducks, and Amphibious Vehicle Manufacturing, LLC, (collectively "RTD") jointly and severally, for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

## COUNT IV - OUTRAGEOUS CONDUCT (PUNITIVE DAMAGES)

### RIPLEY ENTERTAINMENT,INC., d/b/a RIDE THE DUCKS
### RIDE THE DUCKS INTERNATIONAL LLC, d/b/a RIDE THE DUCKS,
### RIDE THE DUCKS OF BRANSON, LLC, d/b/a RIDE THE DUCKS,
### HERSCHEND FAMILY ENTERTAINMENT CORPORATION, d/b/a
### RIDE THE DUCKS, and AMPHIBIOUS VEHICLE MANUFACTURING, LLC

53.     Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

54.     At all times relevant hereto, Defendants' conduct epitomized recklessness and outrageousness.  This is the type of corporate behavior that poses a clear threat to any community in which these entities operate and should not be tolerated.

55.     Defendants blatantly ignored the safety and design recommendations of the National Transportation Safety Board following the 1999 Miss Majestic disaster and the 2010 fatal accident in Philadelphia.

56.     Defendants blatantly ignored the written warnings of the private inspector who told them, in August 2017, that the design of their Duck Boats put their vessels at risk of sinking and made them impossible to escape from in the event of an emergency.

57.     Defendants failed to abide by the Coast Guard's certificate of inspection that prohibited the Duck Boat from being on water if winds exceeded 35 mph or wave heights exceeded 2 feet, which was issued in 2017.

58.     Defendant egregiously ignored the fact that their Duck Boats were responsible for dozens of deaths prior to the Table Rock Lake disaster.

59.     Defendants knew that the defective and dangerous condition of Stretch Duck 07 posed a very high risk of serious bodily injury and/or death to passengers.

60.     Defendants knowingly, willfully, and intentionally failed to take proper and recommended action to make their Duck Boats safe for passengers.

61.     Defendants failed to incorporate the NTSB safety recommendations and safety designs to save money.

62.     Defendants' conduct rises to the level of outrageous conduct by willfully and recklessly ignoring the known dangerous condition of Stretch Duck 07 which caused Plaintiffs' fatal and catastrophic injuries.

63.     Defendants acted in a willful, wanton and reckless disregard for the safety of their passengers.

64.     This and other misconduct constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others to support an award of punitive damages and/or damages for aggravating circumstances.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, Ripley Entertainment, Inc., d/b/a Ride the Ducks, Ride the Ducks International LLC, d/b/a Ride the Ducks, Ride the Ducks of Branson, LLC, d/b/a Ride the Ducks, Herschend Family Entertainment Corporation, d/b/a Ride the Ducks, and Amphibious Vehicle Manufacturing, LLC, jointly and severally, for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

## COUNT V – WRONGFUL DEATH

### JOHN D. COLEMAN, Individually and as Administrator of the Estate of ERVIN COLEMAN and as Surviving Brother of HORACE COLEMAN

65.     Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

66.     Plaintiff, John D. Coleman, is the Administrator of the Estate of Ervin Coleman, deceased, the surviving brother of Horace Coleman, Deceased, and is the proper party to bring this action pursuant to the provisions of Missouri Revised Statute § 537.080, *et seq.*

67.     Plaintiff, John D. Coleman, claims on behalf of the Estate of Ervin Coleman all damages suffered by the estate by reason of the death of Ervin Coleman, including without limiting the generality of the following: the severe injuries to Ervin Coleman, which resulted in his excruciating drowning death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Ervin Coleman suffered prior to his death; the loss of future earning capacity suffered by Ervin Coleman from the date of his death until the time in the future that he would have lived had he not died as a result of the injuries he sustained; the loss and the total limitation and deprivation of his normal activities, pursuits and pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained by reason of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of Defendants.

68.     Plaintiff, John D. Coleman, claims wrongful death benefits for all damages he has suffered by reason of the death of Horace Coleman, including without limiting the generality of the following: the severe injuries to Horace Coleman, which resulted in his excruciating drowning death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Horace Coleman suffered prior to his death; the loss of future earning capacity suffered by Horace Coleman from the date of his death until the time in the future that he would have lived had he not died as a result of the injuries he sustained; the loss and the total limitation and deprivation of his normal activities, pursuits and pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained by reason of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of Defendants.

69.     By reason of the deaths of Ervin Coleman and Horace Coleman, their beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including, but not limited to, loss of support, loss of aid, loss of services, loss of companionship, and comfort, loss of

counseling and loss of guidance.

70. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability producing conduct of Defendants, Ervin Coleman's and Horace Coleman's wrongful death beneficiaries incurred, or have been caused to incur and pay, large and various funeral, burial, estate and administration expenses for the Estate of Ervin Coleman for which Plaintiff is entitled to compensation in this proceeding.

71. Plaintiff, John D. Coleman, as Administrator of the Estate of Ervin Coleman, deceased, and as surviving brother of Horace Coleman, deceased, brings this action by virtue of Missouri Revised Statute § 537.080, *et seq.*, and claims all benefits and recoverable damages under § 537.080, *et seq.*, on behalf of all other persons entitled to recover under law.

**WHEREFORE**, Plaintiff demands judgment against Defendants, Ripley Entertainment, Inc., d/b/a Ride the Ducks, Ride the Ducks International LLC, d/b/a Ride the Ducks, Ride the Ducks of Branson, LLC, d/b/a Ride the Ducks, Herschend Family Entertainment Corporation, d/b/a Ride the Ducks, and Amphibious Vehicle Manufacturing, LLC, jointly and severally, for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

### COUNT VI – WRONGFUL DEATH

#### GARY D. COLEMAN, Surviving Brother of
#### ERVIN COLEMAN AND HORACE COLEMAN

72. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

73. Plaintiff, Gary Coleman, is the surviving brother of Ervin Coleman, Deceased, and Horace Coleman, Deceased, and is the proper party to bring this action pursuant to the provisions of Missouri Revised Statute § 537.080, *et seq.*

74.     Plaintiff, Gary Coleman, claims all claims wrongful death benefits for all damages he has suffered by reason of the deaths of Ervin Coleman and Horace Coleman, including without limiting the generality of the following: the severe injuries to Ervin Coleman and Horace Coleman, which resulted in their excruciating drowning death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Ervin Coleman and Horace Coleman suffered prior to their deaths; the loss of future earning capacity suffered by Ervin Coleman and Horace Coleman from the date of their deaths until the time in the future that they would have lived had they not died as a result of the injuries they sustained; the loss and the total limitation and deprivation of their normal activities, pursuits and pleasures from the date of their deaths until such time in the future as they would have lived had they not died as a result of the injuries sustained by reason of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of Defendants.

75.     By reason of the deaths of Ervin Coleman and Horace Coleman, their beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including, but not limited to, loss of support, loss of aid, loss of services, loss of companionship, and comfort, loss of counseling and loss of guidance.

76.     As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability producing conduct of Defendants, Ervin Coleman's and Horace Coleman's wrongful death beneficiaries incurred, or have been caused to incur and pay, large and various funeral, burial, for which Plaintiff is entitled to compensation in this proceeding.

77.     Plaintiff, Gary Coleman, as surviving brother of Ervin Coleman and Horace Coleman, deceased, brings this action by virtue of Missouri Revised Statute § 537.080, *et seq.*, and claims all benefits and recoverable damages under § 537.080, *et seq.*, on behalf of all other persons entitled to recover under law.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, Ripley Entertainment, Inc., d/b/a Ride the Ducks, Ride the Ducks International LLC, d/b/a Ride the Ducks, Ride the Ducks of Branson, LLC, d/b/a Ride the Ducks, Herschend Family Entertainment Corporation, d/b/a Ride the Ducks, and Amphibious Vehicle Manufacturing, LLC, jointly and severally, for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

## COUNT VII – WRONGFUL DEATH

### JAYDEN COLEMAN, by and Through His Next Friend And Natural Mother, TILACKIA JACKSON, Surviving Grandson, and ADRIONA COLEMAN, Surviving Granddaughter of HORACE COLEMAN

78. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

79. Plaintiffs, Jayden Coleman, by and through his Next Friend and Natural Mother, Tilackia Jackson and Adriona Coleman, are the surviving grandson and granddaughter of Horace Coleman, Deceased, and are the proper parties to bring this action pursuant to the provisions of Missouri Revised Statute § 537.080, *et seq.*

80. Plaintiffs, Jayden Coleman, by and through his Next Friend and Natural Mother, Tilackia Jackson, and Adriona Coleman, claims all wrongful death benefits for all damages they have suffered by reason of the death of Horace Coleman, including without limiting the generality of the following: the severe injuries to Horace Coleman, which resulted in his excruciating drowning death; the anxiety, horror, fear of impending death, mental disturbance, pain, suffering and other intangible losses which Horace Coleman suffered prior to his death; the loss of future earning capacity suffered by Horace Coleman from the date of his death until the time in the future that he would have lived had he not died as a result of the injuries he sustained; the loss and the total

limitation and deprivation of his normal activities, pursuits and pleasures from the date of his death until such time in the future as he would have lived had he not died as a result of the injuries sustained by reason of the negligence, gross negligence, carelessness, recklessness and/or other liability-producing conduct of Defendants.

81. By reason of the death of Horace Coleman, his beneficiaries have in the past and will in the future continue to suffer great pecuniary loss, including, but not limited to, loss of support, loss of aid, loss of services, loss of companionship, and comfort, loss of counseling and loss of guidance.

82. As a direct and proximate result of the negligence, gross negligence, carelessness, recklessness and/or other liability producing conduct of Defendants, Horace Coleman's wrongful death beneficiaries incurred, or have been caused to incur and pay, large and various funeral, burial, for which Plaintiffs are entitled to compensation in this proceeding.

83. Plaintiffs, Jayden Coleman, by and through his Next Friend and Natural Mother, Tilackia Jackson, and Adriona Coleman, as surviving grandson and granddaughter of Horace Coleman, deceased, bring this action by virtue of Missouri Revised Statute § 537.080, *et seq.*, and claims all benefits and recoverable damages under § 537.080, *et seq.*, on behalf of all other persons entitled to recover under law.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, Ripley Entertainment, Inc., d/b/a Ride the Ducks, Ride the Ducks International LLC, d/b/a Ride the Ducks, Ride the Ducks of Branson, LLC, d/b/a Ride the Ducks, Herschend Family Entertainment Corporation, d/b/a Ride the Ducks, and Amphibious Vehicle Manufacturing, LLC, jointly and severally, for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

## COUNT VIII- NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

84.     Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

85.     Ervin Coleman and Horace Coleman were passengers on Stretch Duck 07 at the time of this tragedy.

86.     In the moments leading up to their deaths when Stretch Duck 07 sank to the bottom of Table Rock Lake, Ervin Coleman and Horace Coleman were placed in danger of, and actually suffered, physical injuries which were eventually fatal.

87.     In addition, Ervin Coleman and Horace Coleman witnessed as the passengers of Stretch Duck 07 suffered serious injuries, many fatal, caused as a direct result of Defendants' conduct.

88.     In unsuccessfully fighting for their lives in Table Rock Lake and as a result of witnessing the injuries caused to other passengers of Stretch Duck 07, Ervin Coleman and Horace Coleman, in addition to physical injuries, suffered further injuries including, but not limited to: emotional distress, psychological pain and suffering, severe mental anguish, and other psychological, emotional, and mental injuries.

**WHEREFORE**, Plaintiffs demand judgment against Defendants, Ripley Entertainment, Inc., d/b/a Ride the Ducks, Ride the Ducks International LLC, d/b/a Ride the Ducks, Ride the Ducks of Branson, LLC, d/b/a Ride the Ducks, Herschend Family Entertainment Corporation, d/b/a Ride the Ducks, and Amphibious Vehicle Manufacturing, LLC, jointly and severally, for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

## COUNT IX - VIOLATIONS OF THE
## MISSOURI MERCHANDISING PRACTICES  ACT

89.     Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if fully set forth herein.

90.     Missouri Revised Statute § 407.010, *et seq.*, the Missouri Merchandising Practices Act (or "MMPA") makes unlawful the "act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce". Mo. Rev. Stat. § 407.020 (1).

91.     Defendants sold tickets for the ill-fated Stretch Duck 07 tour of July 19, 2018, to Plaintiffs' decedents.  As such, the tour was a "service" as that term is defined under Missouri Revised Statute § 407.010, *et seq.*  Moreover, the tickets purchased by or on behalf of Plaintiffs' decedents  for  the  Stretch Duck 07 tour of July 19, 2018, were purchased for their personal purpose.

92.     Defendants represented to consumers, including Plaintiffs' decedents, that their Duck Boats were equipped with the latest safety features and equipment, characterizing their Duck Boats as "state of the art", utilizing "patented safety features that no other duck-style vehicle has".

93.     Ironically and disturbingly, Defendants promised consumers, including Plaintiffs' decedents, that "safety is  our priority".

94.     By reason of Defendants' conduct as set forth above, Defendants have engaged in unfair or deceptive acts or practices in violation of the MMPA.

95.     Defendants' practices as described herein violate the MMPA because  the  practices were and are intended to deceive consumers in connection with the sale  of  their  services and occurred in the course of conduct involving trade and commerce in Taney County, located within the United States District Court for the Western District of  Missouri.

96.     At all times relevant herein, Defendants, by and through their respective agents,

servants, workmen and employees, violated the MMPA by making and disseminating untrue, false, and misleading statements to consumers, including Plaintiffs' decedents, to promote the sale of their services, or by causing untrue, false, and misleading statements about their Duck Boats to be made or disseminated to consumers, including Plaintiffs' decedents, in order to promote the sale and use of their services. These untrue, false, and misleading statements included, but were not limited to:

  a.  Misleading consumers to believe that their Duck Boats are safe

  b.  Misrepresenting that their Duck Boats are safe;

  c.  Misrepresenting that their Duck Boats have the latest safety features;

  d.  Misrepresenting that safety is the priority of Defendants;

  e.  Misrepresenting the truth about the unsafe nature of their Duck Boats;

  f.  Falsely omitting or minimizing the known dangers associated with their Duck Boats.

  g.  Falsely claiming that their Duck Boats are safe;

  h.  Falsely claiming that their Duck Boats utilize state of the art safety equipment;

97.   At all times relevant herein, Defendants, by and through their respective agents, servants, workmen and employees, also violated the MMPA by making statements that omitted or concealed material facts in order to promote and further the sale of their services.

98.   At all times relevant herein, Defendants, by and through their respective agents, servants, workmen and employees, repeatedly failed to disclose, or in the alternative, minimized material facts about the known risks and dangers associated with their Duck Boats.

99.   At all times relevant herein, Defendants, by and through their respective agents, servants, workmen, employees, and/or third parties, made the foregoing untrue, false and misleading statements, and material omissions, through a large network of marketing channels, including, but not limited to, online, print, television, and social media advertising.

100.   Defendants knew at the time of making or disseminating these misstatements and

material omissions or causing these misstatements and material omissions statements to be made or communicated, that they were untrue, false, or misleading and therefore likely to deceive the consumer public.

101.    Defendants knew or should have known that their marketing and promotion efforts created an untrue, false, and misleading image and impression of the safety of their Duck Boats.

102.    In sum, Defendants: (a) directly engaged in untrue, false, and misleading marketing in trade or commerce; (b) disseminated the untrue, false, and misleading marketing through third parties; and (c) aided and abetted the untrue, false, and misleading marketing through third parties.

103.    All of this conduct, separately and collectively, was intended to deceive consumers, including Plaintiffs' decedents.

104.    As a direct result of the foregoing acts and practices, Defendants have received, or will receive, income, profits, and other benefits, which they would not have received if they had not engaged in the violations of the MMPA as described above. These profits are ill gotten gains and should be subject to disgorgement.

105.    By reason of the foregoing, Plaintiffs suffered ascertainable losses, including economic losses, as described in Missouri Revised Statute § 407.025, *et seq.*, and claim punitive damages and attorney's fees pursuant to Missouri Revised Statute § 407.025 (1).

   **WHEREFORE**, Plaintiffs demand judgment against Defendants, Ripley Entertainment, Inc., d/b/a Ride the Ducks, Ride the Ducks International LLC, d/b/a Ride the Ducks, Ride the Ducks of Branson, LLC, d/b/a Ride the Ducks, Herschend Family Entertainment Corporation, d/b/a Ride the Ducks, and Amphibious Vehicle Manufacturing, LLC, jointly and severally, for compensatory damages in excess of the jurisdictional threshold, along with damages for delay, costs, fees, exemplary, aggravating circumstances damages, punitive damages, and all other damages allowable and recoverable by law.

Respectfully Submitted,

_____

Nuru Witherspoon
Missouri Bar Number 66812
Ernesto D. Sigmon (*Pro Hac Vice* Applicant)
Texas Bar No 24010397
The Witherspoon Law Group
1717 McKinney Ave., Suite 700
Dallas, Texas 75202
(214) 773-1133 PH
(972) 696-9982 FX

**ATTORNEYS FOR PLAINTIFFS**