IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN D. COLEMAN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 6:18-cv-03232-MDH |
| v. ) | |
| ) | |
| RIPLEY ENTERTAINMENT, INC. ) | |
| d/b/a RIDE THE DUCKS, et al., ) | |
| ) | |
| Defendants. ) | |

## SUGGESTIONS IN OPPOSITION TO THE EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY PROTECTIVE ORDER

Defendant Ripley Entertainment, Inc. ("Ripley") hereby files its Suggestions in Opposition to the Emergency Motion for Preliminary Injunction and Temporary Protective Order. This Motion, which was filed in direct contradiction to this Court's Order staying the present matter[1], should be denied both because The National Bank of Indianapolis ("movant") has no right to participate in the mediation and, furthermore, has an adequate remedy at law to the extent it seeks to contest any potential settlement reached. To the contrary, Missouri law specifically provides that settlement of a wrongful death claim need only one beneficiary's approval. Further, assuming a settlement can be reached between the parties, the parties will necessarily need to obtain court approval of the settlement. Movant, should it feel that the settlement is unreasonable, can challenge the reasonableness of the settlement at that hearing. That is movant's remedy, as specifically provided by Missouri law.

---

[1] This Court, In the Matter of The Complaint of Branson Duck Vehicles, LLC, as Owner; and Ripley Entertainment, Inc., as Owner pro hac vice of the STRETCH DUCK 07 for Exoneration from or Limitation of Liability, Cause No. 6:18-cv-03339, issued an Order Approving Plaintiffs' Stipulation of Value, Directing the Filing of Claims, Directing Issuance of Notice, and Restraining Suits on November 30, 2018. Per this Court's Order, this Court "enjoin[ed] the further prosecution of any actions or proceedings against the Plaintiffs…" Accordingly, by order of this Court, the present matter is stayed and Plaintiffs are not entitled to the remedy they now seek.

For these and the other reasons detailed below, Ripley urges this Court to deny the motion and to allow the scheduled mediation to proceed as planned. To allow otherwise would be to grant movant a right it does not fundamentally have under Missouri law and would be to prejudice the Plaintiffs in this case by delaying the resolution of their claims.

## BACKGROUND

This matter arises out of an incident that occurred nearly five months ago, on July 19, 2018, wherein a Duck Boat capsized and sank in Table Rock Lake located in Taney County, Missouri. Siblings Ervin Coleman and Horace Coleman were among those who died in the incident. Since then, a total of sixteen lawsuits related to the incident have been filed. This action was filed on August 2, 2018. Doc. 1. The wrongful death claims are presently being asserted by John Coleman and Gary Coleman, two siblings of Irvin Coleman and Horace Coleman, and by two of Horace Coleman's grandchildren, Jayden Coleman and Adriona Coleman.

As this Court was advised at the hearing on November 1, 2018, Plaintiffs and Ripley have worked diligently to schedule this mediation. The present mediation has been planned for more than a month. Counsel for movant, who represents multiple other parties in other lawsuits related to the same incident, has long been aware of this lawsuit and long been aware the parties were working to schedule mediation. In fact, counsel for movant attempted to assert claims on behalf of the Estate of Ervin Coleman in Case No. 6:18-cv-03225. However, counsel for movant had to withdraw and dismiss those claims after acknowledging that he did not have authority from the family to bring those claims nor to represent the Estate of Ervin Coleman. Case No. 6:18-cv-03225, Doc. 64.

Despite movant's suggestions, according to Missouri law, it has no right to participate in the planned mediation. Even if a settlement is reached, all of movant's rights under the Missouri Wrongful Death Statute will be preserved and it will have the opportunity to present argument for or against any potential settlement agreement, as well as enter evidence as to the amount of damages D.H. should receive from it, to the trial court. Accordingly, this Court should deny movant's motion.

## ARGUMENT

A preliminary injunction is "an extraordinary remedy that is never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2009). A district court's decision to issue a preliminary injunction depends upon a 'flexible' consideration of the following four factors: (1) the threat of irreparable harm to the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest. *O'Toole v. City of Walnut Grove, Missouri*, 238 F. Supp. 3d 1147, 1149 (W.D. Mo. 2017) *citing Richland/Wilkin Joint Powers Auth. v. U. S. Army Corps of Engineers*, 826 F.3d 1030, 1036 (8th Cir. 2016). The movant has not satisfied *any* of these elements.

I. **Movant Has an Adequate Remedy at Law Under the Procedures and Protections of Section 537.080 and Will Suffer No Irreparable Harm if Its Request for Injunctive Relief Is Denied.**

   A. **Plaintiffs Have Authority to Bring This Wrongful Death Action for the Death of Horace Coleman.**

Quite simply, movant has not and indeed cannot demonstrate it faces any threat of irreparable harm. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009); *see also Iowa Utilities*

3

*Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir. 1996) ("In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief."). To the contrary, Missouri law specifically prescribes movant an adequate remedy by way of the settlement approval hearing.

Section 537.080 of the Missouri Revised Statutes sets out who can bring a wrongful death action. Specifically, 537.080 RSMo provides:

> 1. Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, **which damages may be sued for**:
>
> > (1) **By the** spouse or children or the **surviving lineal descendants of any deceased children**, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

§ 537.080 RSMo (emphasis added). Pursuant to § 537.080 RSMo, Plaintiffs, as surviving brothers and grandchildren of Horace Coleman, have the right to bring this action as a result of Horace Coleman's death. Only one wrongful death action may be brought against any one defendant for the death of any one person. Mo. Rev. Stat. § 537.080.2. However, if multiple persons exist with an authorized claim, admittedly all have a right to join in the action. However, the statute does not require "joinder of all persons identified [as authorized claimants] to proceed with a wrongful death suit, [but does require that] those persons make a ***timely attempt to intervene***…" *Martin v. Busch*, 360 S.W.3d 854, 857 (Mo. App. E.D. 2011) (citation omitted) (emphasis added); *see also Schiles v. Gaertner*, 659 S.W.2d 791, 794 (Mo. App. E.D. 1983) (holding the same). Here, the movant waited many months to move to intervene. Quite simply, movant's right to intervene under the statute does not grant him authority to come in late, disrupt, and even block the parties' long-planned mediation.

4

This is clearly the case because the Wrongful Death Act gives anyone of the proper beneficiaries the right to settle such a suit, so long as they have court approval. Specifically, § 537.095.1 provides:

> 1. Except as provided in subsection 2 of this section, if two or more persons are entitled to sue for and recover damages as herein allowed, then **any one** or more **of them may compromise or settle the claim** for damages **with approval of any circuit court**, or may maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080. Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice.

§ 537.095.1 RSMo (emphasis added).

It has not been contested that Plaintiffs had the right to bring the present lawsuit. What movant can further not contest is that the present Plaintiffs, under binding Missouri law, *individually* have the power and right to settle the present lawsuit. On this issue, Missouri law is extremely clear as Missouri's Wrongful Death Statute specifically states that it is not necessary that all beneficiaries agree to the settlement, so long as the Court approves the settlement. § 537.095.1 RSMo. This makes perfect sense because in certain cases it would be impossible for all the beneficiaries to agree on an amount. In light of these issues, under the statute, one class member does not have unlimited power to unilaterally oppose and block a reasonable settlement. The statute provides that "***any one or more of them may compromise or settle the claim***." *Id*. (emphasis added). This language cannot be ignored or denied. Missouri law simply does not require that all beneficiaries be involved in all settlement discussions or that the settlement door be continually left open for others to enter. Such an interpretation conflicts with the clear language of the statute, circumvents the purpose of the statute and would do much to discourage settlements.

The Missouri court of appeals has affirmatively stated this. In *Haynes v. Bohon*, 878 S.W.2d 902, 904 (Mo. App. E.D. 1994), a mother and father brought separate suits against the defendant in a wrongful death action. The mother settled her case for the limits of defendant's insurance policy and petitioned the court for approval and apportionment of the settlement, of which 10 percent was apportioned to the father. The trial court approved the settlement and apportionment of the settlement. However, the father appealed. The Missouri court of appeals held that RSMo. Section 537.095.1 "permits one person to settle the wrongful death claims with the approval of the circuit court, as long as all persons entitled to sue are notified". *Id.* at 904. The father was not a part of the actual settlement negotiation, but the settlement was approved by the court and damages were apportioned by the court with the father's knowledge and with the court's awareness that the father was a person entitled to damages. *Id.*

Here, even if settlement is reached in the long-planned mediation on Friday, a consideration which itself is uncertain at this point, the court still must approve the settlement. Movant attempts to argue that the amount of the settlement could be insufficient or that the claims will be worth more with his participation in the mediation. However, these are arguments and considerations which Section 537.095.3 places before the trial court for its approval. If any such settlement is reached and if movant considers it insufficient, then he will have the opportunity to make his case to the trial court as to why the settlement should not be approved and, therefore, the movant has a specific remedy for challenging any settlement under Missouri law.

This remedy provided to movants as set forth in Missouri's Wrongful Death statutes is more than adequate. As such, movant's motion should be denied because he cannot demonstrate that he will be irreparably harmed if the planned mediation takes place without him.

**B. If a Settlement is Reached and Approved, Then the Court Will Apportion the Damage Amount Among Those Persons Entitled to Recover.**

Movant argues that he had a special relationship with his Grandfather that must be considered at the mediation. However, Section 537.095.3 RSMo provides for such consideration regardless of whether movant participates in this, or any other, mediation. Section 537.095.3 RSMo authorizes the circuit court to enter a judgment apportioning the damages "among those persons entitled thereto in proportion to the losses suffered by each as determined by the court." *Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo. App. W.D. 1996).

> 3. In any action for damages under section 537.080, the trier of the facts shall state the total damages found, or upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, **apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court**.

§ 537.095.3 RSMo (emphasis added). If a settlement is reached by any one of the authorized claimants, the trial court must approve the settlement and apportion the proceeds. *Haynes v. Bohon*, 878 S.W.2d 902, 904 (Mo. App. E.D. 1994). "The court apportions the damages among those persons entitled thereto in proportion to the losses suffered by each, as determined by the court." *Id.* In apportioning damages, the trial court may consider "the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support...." *Id.* (citation omitted). "The circuit court is not required to award an equal portion of the settlement proceeds to each person included in the class of persons entitled to sue for wrongful death." *Kavanaugh v. Mid-Century Ins. Co.*, 937 S.W.2d 243, 246 (Mo. App. W.D. 1996) (citation omitted). The court "is not bound by a set percentage or minimum". *Banner ex rel. Bolduc v. Owsley*, 305 S.W.3d 498, 502 (Mo. App. S.D. 2010) (citation omitted). In fact, there is "no minimum amount that

7

must be awarded to any party designated as a taker" under Section 537.080, and the "court is required only to apportion the settlement proceeds in proportion to the losses it determines each person has suffered as a result of the decedent's wrongful death. *Id.* (citation omitted).

Here, if a settlement is reached, the apportionment of that settlement's proceeds will be determined by this Court. Ultimately, under Section 537.095.3 the time for weighing the claimed special relationship between the movant and his Grandfather is during the trial court's determination of apportionment. At that time, in addition to any claims the settlement is unreasonable, the movant can further put on evidence and make arguments regarding the amount of the settlement that should be apportioned to D.H.

Furthermore, movant's interests are not divergent from the interests of the Plaintiffs who are participating in the mediation. The considerations raised by movant regarding his specific damages, and damages of other potential claimants, doubtlessly will be raised by the current parties. The Plaintiffs have just as much interest in the negotiation as movant and all involved understand that any potential settlement reached must be adequate to compensate all authorized claimants.

Consequently, because any issues as to apportionment of the settlement proceeds will be determined by this Court, movant has an adequate remedy at law to contest such issues and movant's present request for a temporary restraining order should be denied.

**II. Plaintiffs and Defendant Ripley Would Suffer Significant Harm From an Unnecessary Delay in the Mediation.**

The injury inflicted on Plaintiffs and Ripley by an unnecessary delay greatly outweighs any potential harm to movant. The current Plaintiffs have opposed the request for injunctive relief. Docs. 75 and 76. They wish to attempt to settle this matter and have worked for months to schedule this mediation. If an injunction is entered, the delay in mediation could be

8

substantial.  This is especially true given the approaching holidays.  Efforts to at least attempt to more efficiently resolve costly and emotional litigation could be delayed well into next year.

Additionally, this motion is untimely.  As set forth above, counsel for the Movant has been aware of this suit and cause of action for at least four months and only now has attempted to intervene on behalf of a minor family member.  Despite counsel for movant's knowledge of the mediation date, he waited until the last possible moment to file this motion.  The lack of a timely attempt to intervene raises another impediment to future mediations in the suits arising out of this tragedy.  Allowing untimely intervention, much less this attempt at enjoining settlement, sets up the possibility that other potential wrongful death class members can attempt intervention or injunctive relief pointing to the delay that would be allowed in this matter.  This exact result was considered by the Missouri legislature and a process to avoid such delay proscribed in the statute.

Ultimately, nothing in movant's motion establishes a basis or reason Plaintiffs and Defendant Ripley should be forced the prejudice of undue delay for movant to demand a right to attend mediation which it does not have under Missouri law.  Movant's at last-minute delaying tactic should be denied.

### III. Granting the Requested Injunctive Relief Is Against the Public Interest and Will Frustrate Any Potential Attempts to Efficiently Resolve This Mediation By Introducing a Nearly Unending Amount of Uncertainty to the Process.

If movant succeeds in its motion, it will potentially create havoc in future attempts to mediate or settle such matters.  This is because Section 537.080 is based on a policy that "the wrongful death statute should be interpreted in a light which broadly grants the greatest number of beneficiaries, as limited by the statutorily designated classes set out in the statute." *Denton v. Soonattrukal*, 149 S.W.3d 517 (Mo. App. S.D. 2004).  In situations where the claims fall to Class

9

2 beneficiaries, as it does at least in the case at present, it is possible that a multitude of claimants will be authorized to sue and some may not even be immediately identified. If this Court grants this motion and enjoins Plaintiffs and Defendant Ripley from mediating as planned, the injunction potentially would set a precedent that would prevent any meaningful future attempts at mediation or resolution without trial. Even if mediation is delayed, and Plaintiffs, Ripley, and movant all agree to a new mediation date next year, then another potential claimant could, on the eve of that mediation, again move this Court for injunctive relief requiring a delay and participation by that movant.

The Missouri Wrongful Death Act provides the distribution of benefits to the greatest number of beneficiaries, but it also creates an orderly procedure for settling such claims. It expressly allows any one claimant to agree to settlement, and then it provides that any such settlement must be approved and apportioned fairly to authorized claimants by the trial court. The Act certainly does not give all claimants the absolute right to participate in mediations and expanding the Act to create such a right would undermine its efficient administration and overall policy, which is intended to promote the most efficient resolution of matters as complex and consequential as this.

## IV. Movant Cannot Demonstrate That He Is Likely to Succeed on the Merits.

In determining whether to issue injunctive relief, the "likelihood of success on the merits is the most significant". *S.J.W. ex rel. Wilson v. Lee's Summit R-7 Sch. Dist.*, 696 F.3d 771, 776 (8th Cir. 2012). Movant attempts to frame the merits as whether he will succeed on his motion to intervene. However, the injunctive relief requested is unrelated to whether he has a right to intervene in the lawsuit. This is nothing more than a strawman argument. Rather, the requested

10

injunction is essentially *demanding a right to intervene in a mediation*. Neither the statute nor any other Missouri law provides such right.

Even if movant already were a party, the current Plaintiffs could agree to this mediation without it, as they have done here, and negotiate a settlement in its absence. The Missouri Wrongful Death Statute allows movant the opportunity to contest to the trial court any settlement reached by another claimant, and it also provides any claimant a right to present his or her case as to the amount of damages to which he or she is entitled. The Statute does not establish a right of all potential claimants to participate in any and all related mediations and settlement negotiations.

As such, movant's request for injunctive relief fails on its merits as it has no right now or in the future to participate in mediation.

## CONCLUSION

Plaintiffs and Defendant Ripley have worked diligently to prepare for the mediation of this matter and to attempt to find a fair resolution for all claimants. Movant has adequate remedies at law to preserve its rights under the Missouri Wrongful Death Statute regardless of the outcome of the mediation. Granting movant's request for extraordinary injunctive relief will only serve to cause a long and unnecessary delay, inject significant uncertainty into the possibility of conducting any future mediations without more such last-minute traps, and frustrate the purpose and policy of the Missouri Wrongful Death Statute. Consequently, this Court should deny movant's request.

     */s/ Terrance J. Good*
Terrance J. Good     #25336MO
Alexandra C. Wells   #67316MO
Scott A. Pummell    #66164MO
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939
(314) 621-6844/Fax
tjgood@lashlybaer.com
awells@lashlybaer.com
spummell@lashlybaer.com

And

John W. Patton, Jr., IL Bar #6186472
Paul D. Motz, IL Bar #6294483
Kelly L. Ferron, IL Bar #6318532
Benjamin J. Levinsky, IL Bar #6306433
Roman Solowski, IL Bar #6307052
PATTON & RYAN, LLC
330 N. Wabash Ave., Ste. 3800
Chicago, IL 60611
Telephone: (312) 261-5160
Facsimile: (312) 261-5161
jpatton@pattonryan.com
pmotz@pattonryan.com
kferron@pattonryan.com
blevinsky@pattonryan.com
rsolowski@pattonryan.com

*Attorneys for Defendant Ripley Entertainment, Inc.*

12

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing was filed and served via the Court's electronic filing system this 5th day of December, 2018.

Nuru Witherspoon
Ernesto D. Sigmon
THE WITHERSPOON LAW GROUP
1717 McKinney Ave., Suite 700
Dallas, TX  75202
witherspoon@twlglawyers.com
sigmon@twlglawyers.com

*Attorneys for Plaintiffs*

Kevin P.  Krueger
Andrew D. Ryan
Lawrence S. Hall
SANDBERG PHOENIX & von GONTARD, P.C.
600 Washington Avenue - 15th Floor
St. Louis, MO 63101
kkrueger@sandbergphoenix.com
aryan@sandbergphoenix.com
lhall@sandbergphoenix.com

*Attorneys for Defendant Ride the Ducks International, LLC*

Anna Idelevich
David A. Dial
Richard Hoyt Hill, II
WEINBERG, WHEELER, HUDGINS, GUNN & DIAL, LLC
3344 Peachtree Road, NE
Suite 2400
Atlanta, GA  30326
aidelevich@wwhgd.com
ddial@wwhgd.com
rhill@wwhgd.com

*Attorneys for Defendant Herschend Family Entertainment Corporation*

Timothy A. Garrison, United States Attorney
Randall D. Eggert, Assistant United States Attorney
Casey Michael Clark, Assistant United States Attorney
U.S. ATTORNEYS OFFICE
901 St. Louis Street, Suite 500
Springfield, MO 65806-2511
randy.eggert@usdoj.gov
casey.clark@usdoj.gov

*Intervening Attorneys*

        */s/ Terrance J. Good*

1428838