IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN D. COLEMAN, Individually, and as Administrator and Personal Representative of the Estates of Ervin Coleman and Horace Coleman (Both Deceased)<br><br>And<br><br>GARY W. COLEMAN, as Surviving Brother of Ervin Coleman (Deceased)<br><br>And<br><br>JAYDEN COLEMAN, Surviving Grandson Of Horace Coleman (Deceased), By and Through his Next Friend And Natural Mother, TILACKIA JACKSON<br><br>And<br><br>ADRIONA COLEMAN, Surviving Granddaughter Of Horace Coleman (Deceased)<br><br>Plaintiffs,<br><br>v.<br><br>RIPLEY ENTERTAINMENT, INC. d/b/a "RIDE THE DUCKS", et. al.<br><br>Defendants. | Case No. 6:18-cv-03232-BP |

## MOTION FOR APPROVAL OF SETTLEMENT APPORTIONMENT UNDER §537.095 RSMo. and §474.010 RSMo.

**COME NOW,** the above-named Plaintiffs, by and through their counsel, and move this Court for approval of a proposed settlement apportionment pursuant to §537.095 RSMo. and §474.010 RSMo. In support, the Plaintiffs state as follows:

1. That Plaintiff John D. Coleman is the natural brother of Decedents Ervin Coleman and Horace Coleman; Plaintiff Gary W. Coleman is the natural brother of Decedents Ervin Coleman and Horace Coleman; Plaintiff Jayden Coleman is the natural minor grandson of Decedent Horace Coleman and that Plaintiff Adriona Coleman is the natural granddaughter of Decedent Horace Coleman.

2. Plaintiffs, individually, and through Plaintiffs' counsel, have thoroughly investigated, notified and identified all surviving heirs entitled to the proceeds of the Estates of Ervin Coleman and Horace Coleman.

3. The results of Plaintiffs' and Plaintiffs' counsel's investigations concluded that Decedent Ervin Coleman was born on August 11, 1941, and died on July 19, 2018. Ervin Coleman did not father any children prior to his death. That Horace Coleman was born on January 14, 1948, and died on July 19, 2018. Horace Coleman had no surviving children at the time of his death and that Plaintiff Jayden Coleman, a minor, and Plaintiff Adriona Coleman are the surviving heirs of Horace Coleman. Donovan Hall is also a surviving heir of Horace and Ervin Coleman. Donovan Hall is represented by other counsel.

4. That beyond John D. Coleman, Gary Coleman, Jayden Coleman and Adriona Coleman, and Donovan Hall there are no other individuals in the class of persons entitled to bring an action for damages for the wrongful death of Decedents Ervin Coleman and Horace Coleman as defined within §537.080 RSMo.

5. That plaintffs' causes of action in this matter against defendant Ripley Entertainment, Inc. d/b/a "Ride the Ducks" et al., are for wrongful death brought pursuant to §537.080 RSMo.

6. That Decedents Ervin Coleman and Horace Coleman died on July 19, 2018, in Branson, Missouri as a result of the sinking of a Duck Boat owned and operated by the Defendants.

7. That Plaintiffs have alleged that Defendant Ripley Entertainment Inc., d/b/a "Ride the Ducks", et al negligence, carelessness and recklessness caused or contributed to the death of Ervin Coleman and Horace Coleman.

8. The Plaintiffs each have agreed to compromise and fully settle all claims made or which could have been made by the Plaintiffs or any of them against the Defendant which in any way arise from or which in any way are related to the deaths of Ervin Coleman and Horace Coleman in exchange for a one-time payment [jointly and severally]. Pursuant to §537.095 RSMo. the Plaintiffs request that this Court enter an order approving and authorizing that settlement apportionment agreement.

9. Pursuant §537.095 RSMo the Plaintiffs and each of them likewise request that this Court enter an order apportioning the settlement proceeds as set forth further below.

10. That §537.095 RSMo provides in relevant part:

> 537.095. 1. Except as provided in subsection 2 of this section, <u>if two or more persons are entitled to sue for and recover damages as herein allowed, then any one or more of them may compromise or settle the claim for damages with approval of any circuit court</u>, or may maintain such suit and recover such damages without joinder therein by any other person, provided that the claimant or petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under section 537.080. Any settlement or recovery by suit shall be for the use and benefit of those who sue or join, or who are entitled to sue or join, and of whom the court has actual written notice.
>
> 2. When any settlement is made, or recovery had, by any Plaintiff ad litem, the persons entitled to share in the proceeds thereof shall be determined according to the laws of descent, and any settlement or recovery by such Plaintiff ad litem shall likewise be distributed according to the laws of descent unless special circumstances indicate that such a distribution would be inequitable, in which case the court shall apportion the settlement or recovery in proportion to the losses suffered by each person or party entitled to share in the proceeds and, provided, that any person entitled to share in the proceeds shall have the right to intervene at any time before any judgment is entered or settlement approved under this section.

3. In any action for damages under section 537.080, the trier of the facts shall state the total damages found, <u>or upon the approval of any settlement for which a petition or application for such approval has been filed, the court shall state the total settlement approved. The court shall then enter a judgment as to such damages, apportioning them among those persons entitled thereto in proportion to the losses suffered by each as determined by the court.</u>

4. The court shall order the claimant:
(1) To collect and receipt for the payment of the judgment;
(2) To deduct and pay the expenses of recovery and collection of the judgment and the attorneys' fees as contracted, or if there is no contract, or if the party sharing in the proceeds has no attorney representing him before the rendition of any judgment or settlement, then the court may award the attorney who represents the original Plaintiff such fee for his services, from such persons sharing in the proceeds, as the court deems fair and equitable under the circumstances;
(3) To acknowledge satisfaction in whole or in part for the judgment and costs;
(4) To distribute the net proceeds as ordered by the court; and
(5) To report and account therefor to the court. In its discretion the court may require the claimant to give bond for the collection and distribution. (underlining added).

11. Pursuant §474.010 RSMo., the Plaintiffs and each of them likewise request that this Court enter an order apportioning the settlement proceeds as set forth further below.

12. In addition, RSMo. §474.010 provides in pertinent part that:

All property as to which any Decedent dies intestate shall descend and be distributed, subject to the payment of claims, as follows:

2. The part not distributable to the surviving spouse, or the entire intestate property, if there is no surviving spouse, shall descend and be distributed as follows:

(a) To the Decedent's children, or their descendants, in equal parts;
(b) If there are no children, or their descendants, then to the Decedent's father, mother, brothers and sisters or their descendants in equal parts;

(c) If there are no children, or their descendants, father, mother, brother or sister, or their descendants, then to the grandfathers, grandmothers, uncles and aunts or their descendants in equal parts;

(d) If there are no children or their descendants, father, mother, brother, sister, or their descendants, grandfather, grandmother, uncles, aunts, nor their descendants, then to the great-grandfathers, great-grandmothers, or their descendants, in equal parts; and so on, in other cases without end, passing to the nearest lineal ancestors and their children, or their descendants, in equal parts; provided, however, that collateral relatives, that is, relatives who are neither ancestors nor descendants of the Decedent, may not inherit unless they are related to the Decedent at least as closely as the ninth degree, the degree of kinship being computed according to the *rules* of the civil law; that is, by counting upward from the Decedent to the nearest common ancestor, and then downward to the relative, the degree of kinship being the sum of these two counts, so that brothers are related in the second degree;

13. That Plaintiffs have entered into a contract with their counsel The Witherspoon Law Group and request that reimbursement of case expenses incurred by their counsel in the litigation of this matter to be approved as fair and reasonable.

14. That Plaintiffs have entered into a binding contract with counsel The Witherspoon Law Group for the litigation and settlement of the above-captioned matter, and under that agreement, the Plaintiffs and each of them have agreed to reimburse The Witherspoon Law Group for case expenses and to pay it attorney fees as contracted.

15. The Plaintiffs find those attorney's fees to be fair and reasonable, and request that those attorney's fees be paid and satisfied from the settlement funds referenced above.

16. That pursuant to §474.010 RSMo, Plaintiffs request that after the deduction of attorney's fees and case expenses from the settlement proceeds described above the Court order a fair, reasonable and just apportionment of the remaining settlement proceeds.

17. That in the event this Court should approve this settlement and apportionment agreement, the Plaintiffs and each of them and defendant Ripley Entertainment Inc. d/b/a "Ride the Ducks" et al request that the Plaintiffs be authorized and instructed by the Court to execute a fully written release in favor of defendant Ripley Entertainment Inc. d/b/a "Ride the Ducks" et al

5

to enter a satisfaction of any judgment or Order entered by this Court; to acknowledge receipt of the proceeds of this settlement; and to make further distribution of the involved settlement proceeds as the Court so directs.

WHEREFORE, Plaintiffs respectfully move the Court to enter its Order approving the apportioning the settlement proceeds as set forth above.

Respectfully Submitted,

/s/Nuru Witherspoon
Nuru Witherspoon
Missouri Bar Number #66812
Ernesto D. Sigmon (Admitted *Pro Hac Vice*)
Texas Bar No 24010397
The Witherspoon Law Group
1717 McKinney Ave., Suite 700
Dallas, Texas 75202
(214) 773-1133 PH
(972) 696-9982 FX

**ATTORNEYS FOR PLAINTIFFS**

### Certificate of Service

I hereby certify that on the 12th day of April, 2019, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/Nuru Witherspoon
Nuru Witherspoon